# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| MAGDA OSBURN,<br><br>    Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY<br>OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)    Civil Action No. 3:24-cv-01192<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Unum Life Insurance Company of America ("Unum Life"), by and through counsel, for its Answer to the Complaint ("Complaint"), allege and say as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant asserts and relies upon any and all defenses available to it under the terms and provisions of ERISA and the terms of the Long-Term Disability ("LTD") Policy addressing the definition of disability.

## THIRD DEFENSE

Unum Life's decision was reasonable and rational and support by the record evidence. Defendant discharged its duties with respect to the disability plan, in accordance with the documents and instruments governing the Plan and ERISA.

## FOURTH DEFENSE

In the event it is determined that benefits are owed, Defendant pleads all applicable offsets to which they may be entitled under the subject Policy including, but not limited to, offsets for

receipt of Social Security Disability Benefits, workers' compensation benefits, and any other deductible sources of income.

## FIFTH DEFENSE

Plaintiff's demand for attorneys' fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Defendant has no liability to Plaintiff and because Defendant's conduct in reviewing Plaintiff's claim was reasonable and in accordance with ERISA.

## SIXTH DEFENSE

The Court's review of this matter is limited to the administrative record at the time of the final decision on appeal regarding Plaintiff's claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the decision to deny her claim is correct and supported by substantial evidence contained in the administrative record.

## EIGHTH DEFENSE

Plaintiff's claims are barred because she has failed to satisfy the necessary predicates for benefits under the terms of the LTD and Life Policy, including, but not limited to, satisfying the Policies' definitions of "total disability."

## NINTH DEFENSE

Defendant relies on all other applicable provisions and/or exclusions of the Policies to the extent such other provisions, exclusions, and/or limitations may be deemed applicable by reason of further investigation and discovery, and expressly reserve the right to amend this Answer to assert the same.

## TENTH DEFENSE

Plaintiff's remedies, if any, are limited to those provided under ERISA, and her damages, if any, are subject to restrictions and limitations provided by ERISA and the subject Policies.

## ELEVENTH DEFENSE

Defendant reserves its right to assert any other defenses against Plaintiff's claims as become known during the course of this proceeding.

## RESPONSES TO SPECIFIC ALLEGATIONS IN COMPLAINT

Specifically incorporating the defenses set forth above as to each specific averment, Defendant hereby responds to the enumerated allegations of Plaintiff's Complaint, restated below as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 20 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Lifepoint Corporate Services, General Partnership's Long Term Disability Plan and corresponding insurance policy (**Policy No.: GLT-803816**) (hereinafter the "**Plan**" and the "**Policy**," respectively); which was (and is) underwritten, administered, and/or managed by Unum for the benefit of certain employees of Lifepoint Corporate Services, General Partnership (hereinafter "**Lifepoint**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

**ANSWER**: **Unum Life admits that this Court has subject-matter jurisdiction of this action pursuant to 29 U.S.C. § 1132(e), because Plaintiff's claims relate to an employee**

3

welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq*. ("ERISA").

2.     The ERISA status provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or no behalf of Plaintiff. *See,* **Unum Claim No. 20310063**.

**ANSWER**:     **Unum Life admits the allegations in Paragraph 2 of the Complaint.**

3.     Venue is proper in the Middle District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

**ANSWER**:     **Unum Life admits the allegations in Paragraph 3 of the Complaint.**

## RELEVANT PARTIES

4.     Ms. Osburn lives in Franklin, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Middle District of Tennessee.

**ANSWER**:     **Upon information and belief, Unum Life admits the allegations in Paragraph 4 of the Complaint.**

5.     At all times relevant hereto, Ms. Osburn was an "employee" of Lifepoint, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at Lifepoint on or about July 16, 2021.

**ANSWER**:     **Unum Life admits upon information and belief that Plaintiff was employed with Lifepoint.  Unum Life denies the remaining allegations in Paragraph 5 of the Complaint.**

6. AT all times relevant hereto, Lifepoint was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

**ANSWER**: **Upon information and belief, Unum Life admits the allegations in Paragraph 6 of the Complaint.**

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the fact of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

**ANSWER**: **Unum Life admits that it funded LTD benefits under the Policy and acted in accordance with any and all duties imposed by applicable law or applicable plan documents including the Plan. Except as admitted herein, Unum Life denies the allegations in Paragraph 7 of the Complaint.**

8. At all times relevant hereto, Defendant Unum acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Lifepoint.

5

**ANSWER**: Unum Life admits that it served as the claims administrator under the Policy and acted in accordance with any and all duties imposed by applicable law or applicable plan documents including the Plan. Except as admitted herein, Unum denies the allegations in Paragraph 8 of the Complaint.

9. Under the Plan, Lifepoint delegated or assigned to Defendant Unum the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

**ANSWER**: Unum Life admits that it served as the claims administrator under the Policy and acted in accordance with any and all duties imposed by applicable law or applicable plan documents including the Plan. Except as admitted herein, Unum Life denies the allegations in Paragraph 9 of the Complaint.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

**ANSWER**: Unum Life admits the allegations in Paragraph 10 of the Complaint.

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

**ANSWER**: **Unum Life admits the Policy provides for payment of benefits so long as certain terms and conditions are satisfied. Except as admitted herein, Unum Life denies the allegations in Paragraph 11 of the Complaint.**

12.     The Plan/Policy provides that an insured is considered disabled when Unum determines that "[the insured is] limited from performing the material and substantial duties of [his or her] regular occupation due to [his or her] sickness or injury; and [the insured has] a 20% or more loss in [his or her] indexed monthly earnings due to the same sickness or injury. After 24 months of payment, [the insured is] disabled when Unum determines that due to the same sickness or injury, [he or she is] unable to perform the duties of any gainful occupation for which [the insured is] reasonably fitted by education, training, or experience."

**ANSWER**: **Unum Life admits the language quoted in Paragraph 12 of the Complaint can be found in the Policy, the terms of which speak for itself.**

## STATEMENT OF FACTS

13.     Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by referenced herein as if specifically restated.

**ANSWER**: **Paragraph 13 of the Complaint does not allege facts to which Unum Life is required to respond. To the extent a response is deemed required, Unum Life incorporates by reference its responses to Paragraphs 1 through 12 of the Complaint and denies the allegations of Paragraph 13 of the Complaint.**

14. Ms. Osburn is currently sixty-five (65) years old; her date of birth is in January of 1959.

**ANSWER**: **Upon information and belief, Unum Life admits the allegations in Paragraph 14 of the Complaint.**

15. Ms. Osburn worked for Lifepoint as the Director of Clinical Knowledge Management.

**ANSWER**: **Upon information and belief, Unum Life admits the allegations in Paragraph 15 of the Complaint.**

16. Owing to her established medical disability, as stated, Ms. Osburn's last day of work was on or about July 16, 2021.

**ANSWER**: **Unum Life denies the allegations in Paragraph 16 of the Complaint.**

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: cognitive issues; neuropathy in feet, carpal tunnel, low back pain, radiculitis, and major depression disorder.

**ANSWER**: **Unum Life admits that Plaintiff reported the existence of several medical conditions, the specifics of which are set forth in Plaintiff's medical records that are contained in the administrative record. Except as admitted herein, Unum Life denies the allegations in Paragraph 17 of the Complaint.**

18.     After she could no longer perform her work for Lifepoint, and based on her employment there, Ms. Osburn was eligible for, applied for, and received short-term disability ("STD") benefits.

**ANSWER**:     **Unum Life admits that Plaintiff applied for and received STD benefits. Except as admitted herein, Unum Life denies the allegations in Paragraph 18 of the Complaint.**

19.     After that, her medical condition not having improved, Ms. Osburn was eligible and applied for LTD benefits through Unum. Unum initially approved Ms. Osburn's claim for LTD benefits and paid such benefits from approximately December 13, 2021 through May 16, 2024.

**ANSWER**:     **Unum Life admits that Plaintiff applied and was approved for LTD benefits, and that Unum paid LTD benefits in accordance with the terms of the Policy as alleged.  Except as admitted herein, Unum Life denies the allegations in Paragraph 19 of the Complaint.**

20.     Ms. Osburn was notified that Unum would no longer be paying these benefits via letter dated May 16, 2024.

**ANSWER**:     **Unum Life admits that it ceased payment of Plaintiff's LTD benefits for the reasons set forth in its letter dated May 16, 2024.  Except as admitted, the allegations are denied.**

21.     Despite due appeal(s) by or on behalf of Plaintiff, Unum has continued to deny LTD benefits. The final denial letter was dated September 23, 2024.

**ANSWER**:     **Unum Life admits that it affirmed its denial of benefits by way of letter dated September 23, 2024.  Except as admitted, the allegations  are denied.**

22.     Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

**ANSWER**:     **Unum Life admits the allegations in Paragraph 22 of the Complaint.**

23.     Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

**ANSWER**:     **Unum Life denies the allegations in Paragraph 23 of the Complaint.**

24.     At all times relevant hereto, *i.e.*, at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

**ANSWER**:     **Unum Life denies the allegations in Paragraph 24 of the Complaint.**

25.     Also, Ms. Osburn has been found to qualify for Social Security disability (SSD) benefits by the Social Security Administration. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

**ANSWER**: **Unum Life admits that plaintiff has been awarded Social Security Disability and avers that it duly considered Plaintiff's award in evaluating Plaintiff's claim. Averments inconsistent with the foregoing are denied.**

26.     Under any ERISA standard of review that may apply, the position taken by Unum is denying this claim, viewed against the entire Administrative Record as property constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Unum were wrong, as well as arbitrary and capricious, under the circumstances presented.[1]

**ANSWER**: **Unum Life denies the allegations in Paragraph 26 of the Complaint.**

27.     Further, Unum's denial of benefits here must be reserved to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

**ANSWER**: **Unum Life denies the allegations in Paragraph 27 of the Complaint.**

28.     Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same.

**ANSWER**: **Unum Life denies the allegations in Paragraph 28 of the Complaint.**

---

[1] Beyond this, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

11

29.     Based on the fact summarized above and further proof that can be gleaned from the record (Administrative Record), if not added through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the cause of action set forth below.

**ANSWER**:     **Unum Life denies the allegations in Paragraph 29 of the Complaint.**

## CAUSES OF ACTION
### COUNT I – ERISA/STATUTORY CLAIMS

30.     Plaintiff realleges and reavers paragraph 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

**ANSWER**:     **Paragraph 30 of the Complaint does not allege facts to which Unum Life is required to respond. To the extent a response is deemed required, Unum Life incorporates by reference its responses to Paragraphs 1 through 30 of the Complaint, and denies the allegations of Paragraph 30 of the Complaint.**

31.     Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq*., in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

**ANSWER**:     **Paragraph 31 of the Complaint does not allege facts to which Unum Life is required to respond. To the extent a response is deemed required, Unum Life denies the allegations of Paragraph 31 of the Complaint.**

12

**Any and all allegations, claims, contentions, demands, and prayers for relief in the Complaint which have not been specifically admitted above are hereby denied.**

WHEREFORE, now having fully answered, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice, that costs be taxed to Plaintiff, and that Defendants be awarded all other relief the Court deems just and proper including, without limitation, recoupment of any overpayments, attorneys' fees, and costs under ERISA, 29 U.S.C. § 1132(g).

Respectfully submitted November 22, 2024.

**MILLER & MARTIN PLLC**

**/s/James T. Williams**
James T. Williams, BPR # 16341
james.williams@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
***Attorneys for Defendants***

13

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 22, 2024, a true and correct copy of this pleading was filed electronically, together with all attachments and/or exhibits. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, which are as follows:

K. Cody Allison
Andrew M. Hickman
Cody Allison & Associates, PLLC
Cavalier Building
95 White Bridge Road, Suite 250
Nashville, TN 37205
cody@codyallison.com
drew@codyallison.com

**MILLER & MARTIN PLLC**

**s/James T. Williams**
James T. Williams, BPR # 16341
james.williams@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN  37402-2289
Telephone: (423) 756-6600
***Attorneys for Defendants***